John E. Hill, State Bar #45338
johnhill@hill-law-offices.com
Enrique Martínez, State Bar #206884
enriquemartinez@hill-law-offices.com
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile: (510) 632-1445

*Attorneys for Plaintiffs & Putative Class*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation, CHRISTINA VIEIRA; and MATTHEW SEPEDA,<br><br>        Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.    **FAILURE TO PAY OVERTIME WAGES (FLSA, 29 U.S.C. §§ 201,** *et seq.***);**<br>2.    **FAILURE TO PROVIDE MEAL AND REST PERIODS (CA LABOR CODE § 226.7 and IWC Wage Orders);**<br>3.    **FAILURE TO FURNISH ACCURATE WAGE STATEMENT (CA LABOR CODE §226);**<br>4.    **WAITING TIME PENALTIES (CA LABOR CODE § 203); and,**<br>5.    **UNFAIR BUSINESS PRACTICES (CA BUS. & PROF CODE § 17200,** *et seq.***)** |

Plaintiffs Mario Cortez, Maria Cisneros, Antonio Toscano, Francisco Javier Gonzalez, Jesus Rodriguez, Cecilia Garcia, Jose Luis Raygoza, and Jose Guzman, on behalf of themselves, the general public, and all others similarly situated ("Plaintiffs") allege and complain against Defendants Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Individual Defendants") (hereinafter collectively "Defendants" or "Vieira Custom"), as follows:

**INTRODUCTION**

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") and a class action brought pursuant to Federal Rule of Civil Procedure 23 to recover unpaid compensation owed to Plaintiffs and similarly situated employees under the FLSA.  Plaintiffs also allege that Defendants routinely violated the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders by: failing to provide adequate meal periods and rest breaks; failing to provide accurate wage statements; and failing to pay all wages at the time of separation of employment.  On behalf of themselves and the putative Class, Plaintiffs seek unpaid wages, damages, restitution, and other relief for themselves individually, and on behalf other aggrieved former and current employees.

2.      Although most of Defendants' operations are nonagricultural, Defendants classified all of their employees as agricultural workers and illegally exempted some of them from overtime pay for hours worked over 40 hours per week in violation of the FLSA.  Plaintiffs also allege that Defendants' employment practices in violation of the California Labor Code are unlawful, unfair, and contrary to the public policies of the State of California.  By engaging in the conduct alleged herein, Defendants have violated, and continue to violate, the FLSA and Labor Code sections enumerated below and have engaged in, and continue to engage in, unfair and unlawful business practices in violation of Business and Professions Code sections 17200, *et seq.*, causing injury to Plaintiffs and the putative Class.

**JURISDICTION & VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 based on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

4.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1362 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California. The Fresno Division is the proper division in that the real property that is the subject of this action is located in Tulare County, California.

### THE PARTIES

6.     At all relevant times, Plaintiffs have resided in the State of California and are or were employees of Defendants. Plaintiffs have worked for Defendants within California as hourly, non-exempt employees, within the four years preceding the filing of this action[1].

7.     Plaintiff Mario Cortez is a resident of Tulare, California and was employed by Defendants as an operator and shop worker from approximately April 1998 to October 2017.

8.     Plaintiff Maria Cisneros is a resident of Porterville, California and has been employed by Defendants as a truck driver and shop worker from approximately 2005 to the present.

9.     Plaintiff Antonio Toscano is a resident of Tulare, California and was employed by Defendants as a crew foreman and shop worker from approximately August 2015 to September 2017.

10.    Plaintiff Francisco Javier Gonzalez is a resident of Tulare, California and has been employed by Defendants as a crew foreman and shop worker from approximately April 2011 to the present.

11.    Plaintiff Jesus Rodriguez is a resident of Tulare, California and has been employed by Defendants as a truck driver and shop worker since approximately May 1994.

12.    Plaintiff Cecilia Garcia is a resident of Tulare, California and has been employed by Defendants as a weigher since approximately July 2005.

13.    Plaintiff Jose Luis Raygoza is a resident of Tulare, California and has been employed by Defendants as a crew foreman and shop worker since approximately 2005.

14.    Plaintiff Jose Guzman is a resident of Tulare, California and has been employed by Defendants as an operator and shop worker since approximately 2012.

---

[1] All of the Plaintiffs' opt-in forms consenting to be parties to this action, as required under 29 U.S.C. § 216(b), are attached hereto as Exhibit A.

15.     Plaintiffs are informed and believe and thereon allege that Defendant Vieira Custom Chopping, Inc. is, and at all times mentioned in this complaint, has been a California company doing business Tulare County, State of California.  The principal place of business of Vieira Custom Chopping, Inc. is 3333 South I Street, Tulare, California, 93274.

16.     Plaintiffs are informed and believe and thereon allege that Defendant V & S Commodity, Inc. is, and at all times mentioned in this complaint, has been a California company doing business Tulare County, State of California.  The principal place of business of V & S Commodity, Inc. is 3333 South I Street, Tulare, California, 93274.

17.     Upon information and belief, Defendant Christina Vieira is co-owner and manager/agent of Vieira Custom Chopping, Inc. and V & S Commodity, Inc. residing and doing business in Tulare County and other counties throughout California.

18.     Upon information and belief, Defendant Matthew Sepeda is co-owner and manager/agent of Vieira Custom Chopping, Inc. and V & S Commodity, Inc. residing and doing business in Tulare County and other counties throughout California.

19.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship.  Plaintiffs are further informed, believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## **FACTUAL BACKGROUND**

20.     Vieira Custom, owned and managed in their day-to-day operations and wage and hour practices by the Individual Defendants (Christina Vieira and Matthew Sepeda), operates (upon information and belief) exclusively in California.  The company provides machinery and personnel to client dairies at their premises to harvest, transport and weigh wheat and corn that is used as animal feed.

21.     The Individual Defendants regularly visit and oversee operations at the company's shop and at numerous customer sites where Plaintiffs and similarly situated employees work.  They

1    also make decisions regarding scheduling, working conditions, hiring and termination decisions.

2    Upon information and belief, they also handle administration of many of the company's affairs,

3    including, upon information and belief, exercising control over the wages, hours or working

4    conditions.

5         22.    Defendants employ four groups of workers: (i) shop workers at Defendants' shop

6    who service trucks and service and clean agricultural equipment, including choppers ("shop

7    workers"); (ii) farm equipment operators who work at the fields harvesting ("operators"); (iii) truck

8    drivers who transport wheat and corn from the field to the dairy ("truck drivers"); and, (iv) weighers

9    who weigh the wheat and corn for purposes of billing Vieira Custom's clients ("weighers").

10        23.    Vieira Custom has a team of shop workers who service trucks and also service and

11   clean agricultural equipment, including choppers and swathers at Defendants' shop.  Defendants pay

12   them at an overtime rate only after having worked more than 10 hours per day or sixty (60) hours

13   per week.  They were not provided with a second meal period after having worked more than ten

14   (10) hours per day.  Likewise, although sometimes they work twelve (12) hours or more, they are

15   not provided with all of their rest breaks.

16        24.    The operators handle farm machinery such as dozers and choppers to harvest corn or

17   wheat at Vieira Custom's clients' fields.  Although they typically work more than twelve (12) hours

18   per day, operators were not provided with meal and rest periods until recently and had to eat while

19   operating their vehicles.

20        25.    Truck drivers transport the wheat and corn from Vieira Custom's clients' fields to

21   their dairies.  Defendants pay them at an overtime rate after having worked more than 10 hours per

22   day or sixty (60) hours per week.  Until recently, truck drivers were not provided with meal and rest

23   periods.  They typically work more than twelve hours per day and had to eat while driving their

24   trucks and delivering the wheat and corn.

25        26.    Weighers are located at Vieira Custom's clients' premises and weigh and record the

26   silage brought by truck drivers.  Defendants pay weighers at an overtime rate only after having

27   worked more than 10 hours per day or sixty (60) hours per week.  Although they typically work

28

more than twelve (12) hours per day, until recently, weighers are not provided with meal and rest periods and had to eat while performing their work.

## CLASS ALLEGATIONS

27.     Plaintiffs bring this action on behalf of themselves all similarly situated workers, as a class action pursuant to Federal Rules of Civil Procedure 23 ("Fed. R. Civ. P. 23"). The claims herein have been brought and may be properly maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. This action also satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of the Fed. R. Civ. P. 23 provisions.

28.     Plaintiffs propose four Classes of non-exempt employees during the applicable limitations period who were employed by Defendants:

(a)     Class of shop workers,  truck drivers, and weighers who worked more than forty (40) hours per work week, and were not compensated for all said overtime hours at the appropriate rates of pay ("FLSA Overtime Class");

(b)     Class of employees (all four employee groups) who were not provided with adequate meal and rest breaks as required by law ("Meal and Rest Period Class");

(c)     Class of employees (all four employee groups) who were not furnished with accurate wage statements ("Wage Statement Class"); and

(d)     Class of employees (all four employee groups) whose employment ended and were not paid all of their wages ("Waiting Time Penalties Class").

29.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

(a)     Numerosity: Each Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members in each Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that Defendants have employed over 100 workers during the liability period.

(b)     Common Questions Predominate:  Common questions of law and fact exist as to all members of each Class and predominate over any questions that affect only individual members of each Class.  The common questions of law and fact include, but are not limited to:

(i)     Whether Defendants unlawfully failed to provide the FLSA Overtime Class members with proper overtime wages;

(ii)    Whether Defendants unlawfully failed to provide the Meal and Rest Period Class with meal and rest breaks required by law;

(iii)   Whether Defendants unlawfully failed to furnish the Wage Statement Class with proper accurate itemized wage statements;

(iv)    Whether Defendants failed to pay the Waiting Time Penalties Class for all their wages due;

(v)     Whether Defendants violated Business & Professions Code section 17200, et seq. by their wage and hour practices, meal and rest break practices, and furnishing of itemized wage statement practices; and,

(vi)    Plaintiffs anticipate that Defendants' affirmative defenses will raise additional common issues of fact and law.

(c)     Typicality: The named Plaintiffs' claims are typical of the claims of the Class members in each of the classes. Specifically, each Plaintiff's claims is typical of the claims of the FLSA Overtime, Meal and Rest Period and Wage Statement Classes; and the claims of Plaintiffs Cortez and Toscano are typical of the Waiting Time Penalties Class.

(d)     Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of the members of each class.  Plaintiffs have no interest that is adverse to the interests of the other members of each Class.

(e)     Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## COLLECTIVE ACTION ALLEGATIONS

30.      Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were employed as shop workers, truck drivers and weighers by Defendants in California at any time three years prior to the filing of this Complaint, to the final disposition of this case ("Collective Action Members").

31.      There are numerous similarly situated current and former Collective Action Members throughout California who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

32.      Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Action Members to work more than forty hours per week without appropriate overtime compensation.

33.      Upon information and belief, Defendants knew that Plaintiffs and the Collective Action Members performed work that required overtime pay after forty (40) hours per work week. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

34.      Defendants' unlawful conduct has been widespread, repeated, and consistent.

35.      Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and

has caused significant damages to the Collective Action Members.

## FIRST CAUSE OF ACTION
### ON BEHALF OF THE FLSA COLLECTIVE ACTION MEMBERS
### (FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA, 29 U.S.C. §§ 201, *et seq.*
### AGAINST ALL DEFENDANTS)

36.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

37.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).  Their written consent forms are filed attached hereto as Exhibit A. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

38.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the Collective Action Members.  At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.  Defendants are "employers" of Plaintiffs and the Collective Action Members under the FLSA.

39.     The FLSA requires covered employers such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

40.     Despite the hours worked by Plaintiffs and the Collective Action Members, Defendants failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

41.     Defendants' conduct was willful, in bad faith, and in knowing violation of the FLSA, and as such, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

42.     Plaintiffs, on behalf of themselves and the Collective Action Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

1  deems just and proper.

2      43.     Plaintiffs, on behalf of themselves and the Collective Action Members, seek recovery

3  of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §

4  216(b).

5                                  **SECOND CAUSE OF ACTION**

6                      **ON BEHALF OF THE MEAL AND REST PERIOD CLASS**

   **(FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF LABOR**

7                       **CODE SECTION 226.7 AGAINST ALL DEFENDANTS)**

8      44.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set

9  forth.

10     45.     At all times relevant to this Complaint, the California IWC Wage Orders and Code

11 of Regulations were in effect and binding on Defendants.  Applicable Wage Orders provide that all

12 employees shall "authorize and permit" employees to take rest periods, "which in so far as

13 practicable shall be in the middle of each work period. . . . The authorized rest period time shall be

14 based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours

15 or major fraction thereof . . . ."

16     46.     Under California law, an employer may not employ an employee for a work period

17 of more than five hours per day without providing the employee with a meal period of not less than

18 thirty minutes.   A second meal period of not less than thirty minutes is required if an employee

19 works more than ten hours per day.  Labor Code § 512.  Unless the employee is relieved of all duty

20 during his or her thirty minute meal period, the meal period shall be considered an "on duty" meal

21 period that is counted as hours worked which must be compensated at the employee's regular rate

22 of pay.

23     47.     At all times relevant to this Complaint, section 226.7 of the California Labor Code

24 was in effect and binding on Defendants:

25          226.7.  (a) No employer shall require any employee to work during any
           meal or rest period mandated by an applicable order of the Industrial
26         Welfare Commission.
                (b) If an employer fails to provide an employee a meal period or
27         rest period in accordance with an applicable order of the Industrial Welfare
           Commission, the employer shall pay the employee one additional hour of
28

pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

48. At all times herein mentioned Plaintiffs, as well as other Class Members, were non-exempt employees and subject to the rest period provisions of the IWC Wage Orders and the California Labor Code.

49. During Plaintiffs', as well as other Class Members' employment at Defendants, Defendants failed to provide Plaintiffs as well as other Class Members with meal and rest periods as required by law.

50. Wages are due to Plaintiffs under IWC Wage Orders which provide that "[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Thus, wages are due to Plaintiffs, as well as other Class Members, to compensate them for the rest periods that were denied under applicable laws, rules, requirements, and regulations. Plaintiffs allege that one hour's worth of wages per violation are due to them, and other Class Members, for each four hour work period contained in each day of worked performed by Plaintiffs. Similarly, Plaintiffs and other Class Members allege that one hour's wage per meal period violation are due to them, for each workday in which an adequate meal period was not provided to them.

51. Plaintiffs are entitled to all the appropriate penalties for the wage and hour violations due under the IWC Wage Orders and Labor Code section 226.7.

**THIRD CAUSE OF ACTION**
**ON BEHALF OF THE WAGE STATEMENT CLASS**
**(VIOLATION OF CALIFORNIA LABOR CODE SECTION 226(A) RESULTING IN LABOR CODE SECTION 226(e) PENALTIES AGAINST ALL DEFENDANTS)**

52. Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

53. At all times relevant to this Complaint, California Labor Code section 226 was in effect and binding on Defendants. Labor Code section 226 provides that employers must provide itemized wage statements to their employees. Specifically, Labor Code section 226, subdivision (a), requires employers to semi-monthly or at the time each payment of wages is made, to furnish

each hourly paid employee with a statement itemizing, inter alia, the gross wages earned by the employee and total hours worked:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . . .

54.     Labor Code section 226, subdivision (e), provides that if an employer knowingly and intentionally fails to provide a statement proper statement pursuant to Labor Code section 226, subdivision (a), then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

55.     Plaintiffs believe and thereon allege that Defendants knowingly and intentionally failed to furnish them, and other Class Members, with proper itemized written statements which contained proper wage itemization, i.e. the applicable hourly rate concerning all the overtime and hours worked that Plaintiffs worked during the scope of their employment. Plaintiffs further believe and thereon allege that Defendants knowingly and intentionally failed to furnish them, as well as other class members, with proper itemized written statements which contained the corresponding number of overtime hours and hours worked by Plaintiffs during the scope of their employment;

56.     Plaintiffs allege that as a result of Defendants' failure to furnish them with proper itemized wage statements, they are entitled to wages and penalty in the amount of $4,000.00

pursuant to Labor Code §226(e).

57.     Plaintiffs further demand reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code sections 218.5 and 218.6.

## FOURTH CAUSE OF ACTION
### ON BEHALF OF THE WAITING TIME PENALTIES CLASS
**(FAILURE TO PAY ALL WAGES DUE UPON DISCHARGE, LABOR CODE §§ 201, 202 AND 203 AGAINST ALL DEFENDANTS AS TO PLAINTIFFS CORTEZ AND TOSCANO)**

58.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

59.     Plaintiffs Cortez and Toscano and other members of the Waiting Time Penalties Class were discharged or resigned within the meaning of Labor Code §§ 201 or 202 by Defendants on their respective termination dates in 2017, but were not paid all their wages due in accordance with Labor Code §§ 201 or 202.

60.     As a result of Defendants' willful failure to pay Plaintiffs and Class Members all wages due in accordance with Labor Code §§ 201 and 202, Plaintiffs and Class Members are entitled to waiting time penalties pursuant to Labor Code § 203, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### ON BEHALF OF ALL CLASSES
**(UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.* AGAINST ALL DEFENDANTS)**

61.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

62.     Defendants' conduct occurred during the four year period preceding the filing of this action. Defendants' conduct, alleged herein, constitutes an unlawful business practices in violation of Business and Professions Code §17200, *et seq.* These unfair business practices include violations of Labor Code and the Federal Labor Standards Act, including but not limited to: failure to pay all overtime wages; failure to pay a proper wage for all meal and rest periods which were not provided; failure to furnish Plaintiffs with correct itemized wage statements; and failure to timely pay all wages and money due at the time of separation of employment to Plaintiffs, and

other Class Members.

63.     Pursuant to Business and Professions Code § 17200, *et seq.*, Plaintiffs and other Class Members are entitled to restitution of the portion of the money due by Defendants for their failure to pay all overtime wages; failure to pay a proper wages for all meal and rest periods which were not provided; failure to indemnify employees for all losses and expenditures; failure to furnish Plaintiffs with correct itemized wage statements; and failure to timely pay all wages and money due at the time of separation of employment to Plaintiffs, and other Class Members, during a period that commences four years prior to the filing of this action and continues at least through the date judgment is entered in this action, and a preliminary and permanent injunction requiring Defendants to refrain from continuing these violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that Judgment be entered in their favor and against Defendants, as follows:

A.     Such general, special, compensatory and liquidated damages as may be appropriate, including all damages alleged above;

B.     Unpaid wages, including unpaid meal and rest period premiums, to Plaintiffs and to each class member in the amount of such underpayment;

C.     The amounts provided for in FLSA, 29 U.S.C. § 216(b), including unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs of the action;

D.     The amounts provided for in IWC Wage Orders 4 and 9, Labor Code Sections 226(e), 226.7, and other Labor Codes as set forth in this Complaint;

E.     Restitution as described in the claim for relief under Business and Professions Code Sections 17200, *et seq.*;

F.     Permanent injunctive and declaratory relief described in the claim for relief under Business & Professions Code Section 17200, *et  seq.*;

G.     Pre-judgment interest;

H.     Costs of suit and attorneys' fees; and

I.      Such other relief as the Court deems just and proper.

Dated:  December 7, 2017                    LAW OFFICES OF JOHN E. HILL

By: _____
Enrique Martinez
*Attorneys for Plaintiffs*

# Exhibit A

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile:   (510) 633-2504

*Attorneys for Plaintiffs & Putative Class*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation, CHRISTINA VIEIRA; and MATTHEW SEPEDA,<br><br>          Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1.       I hereby consent to be a party to litigation under section 16(b) of the Fair Labor

Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated

damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers,

Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda

("Defendants") failed to properly compensate me and their other employees.

*Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo*

*16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación. Entiendo que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente ni a sus otros empleados.*

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

*También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable. Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

3.      I hereby designate The Law Offices of John E. Hill to represent me in this action.

*Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha: __11/25/17__          _____
                                 Signature/Firma

                                 _____
                                 Mario Cortez

1    John E. Hill, State Bar #45338
     Enrique Martínez, State Bar #206884
2    LAW OFFICES OF JOHN E. HILL
     333 Hegenberger Road, Ste. 500
3    Oakland, CA 94621
     Telephone:  (510) 588-1000
4    Facsimile:  (510) 633-2504

5
     *Attorneys for Plaintiffs & Putative Class*
6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
     MARIO CORTEZ, MARIA CISNEROS,          Case No.:
10   ANTONIO TOSCANO, FRANCISCO JAVIER
     GONZALEZ, JESUS RODRIGUEZ, CECILIA     **NOTICE OF CONSENT TO JOIN AS**
11   GARCIA, JOSE LUIS RAYGOZA, and JOSE    **PARTY PLAINTIFF**
     GUZMAN, on behalf of themselves and all
12   others similarly situated,

13           Plaintiffs,

14   vs.

15
     VIEIRA CUSTOM CHOPPING, INC., a
16   California Corporation; V & S COMMODITY,
     INC., a California Corporation, CHRISTINA
17   VIEIRA; and MATTHEW SEPEDA,

18           Defendants.

19

20

21           1.      I hereby consent to be a party to litigation under section 16(b) of the Fair Labor

22   Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated

23   damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers,

24   Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda

25   ("Defendants") failed to properly compensate me and their other employees.

26           *Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo*

27   *16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

28

─────────────────────────────────────────────
                NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF
                                    1

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación. Entiendo que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente ni a sus otros empleados.*

2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

*También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable.  Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

3.     I hereby designate The Law Offices of John E. Hill to represent me in this action.

*Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha: 11/24/17

_María R. Cisneros_
Signature/Firma

_María R. Cisneros_
Maria Cisneros

<table>
<tr><td>1</td><td>John E. Hill, State Bar #45338</td></tr>
</table>

1  John E. Hill, State Bar #45338
   Enrique Martínez, State Bar #206884
2  LAW OFFICES OF JOHN E. HILL
   333 Hegenberger Road, Ste. 500
3  Oakland, CA 94621
   Telephone: (510) 588-1000
4  Facsimile: (510) 633-2504

5
   *Attorneys for Plaintiffs & Putative Class*
6

7                 **UNITED STATES DISTRICT COURT**

8             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   MARIO CORTEZ, MARIA CISNEROS,          Case No.:
     ANTONIO TOSCANO, FRANCISCO JAVIER
     GONZALEZ, JESUS RODRIGUEZ, CECILIA     **NOTICE OF CONSENT TO JOIN AS**
11   GARCIA, JOSE LUIS RAYGOZA, and JOSE    **PARTY PLAINTIFF**
     GUZMAN, on behalf of themselves and all
12   others similarly situated,

13           Plaintiffs,

14   vs.

15

16   VIEIRA CUSTOM CHOPPING, INC., a
     California Corporation; V & S COMMODITY,
17   INC., a California Corporation, CHRISTINA
     VIEIRA; and MATTHEW SEPEDA,

18           Defendants.

19

20

21       1.      I hereby consent to be a party to litigation under section 16(b) of the Fair Labor

22   Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated

23   damages, attorneys' fees, costs and other relief. I understand this lawsuit alleges that my employers,

24   Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda

25   ("Defendants") failed to properly compensate me and their other employees.

26       *Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo*

27   *16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

28

---

NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF
1

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación. Entiendo que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente ni a sus otros empleados.*

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

*También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable.  Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

3.      I hereby designate The Law Offices of John E. Hill to represent me in this action.

*Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha:  Nov-23-2017      Antonio Toscano
                             Signature/Firma

                             Antonio Toscano
                             Antonio Toscano

---

NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF

1
2
3
4
5
6

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile:   (510) 633-2504

*Attorneys for Plaintiffs & Putative Class*

7

## UNITED STATES DISTRICT COURT

8

## FOR THE EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated, | Case No.: |
| | **NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |
| Plaintiffs, | |
| vs. | |
| VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation, CHRISTINA VIEIRA; and MATTHEW SEPEDA, | |
| Defendants. | |

1.      I hereby consent to be a party to litigation under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Defendants") failed to properly compensate me and their other employees.

*Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo 16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF

1

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación.   Entiendo que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente ni a sus otros empleados.*

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

*También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable.  Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

3.      I hereby designate The Law Offices of John E. Hill to represent me in this action.

*Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha:  11/30/17

Fco. Javier G. R.
Signature/Firma

Francisco Javier Gonzalez
Francisco Javier Gonzalez

1  John E. Hill, State Bar #45338
   Enrique Martínez, State Bar #206884
2  LAW OFFICES OF JOHN E. HILL
3  333 Hegenberger Road, Ste. 500
   Oakland, CA 94621
4  Telephone:  (510) 588-1000
   Facsimile:  (510) 633-2504
5
   *Attorneys for Plaintiffs & Putative Class*
6

7            **UNITED STATES DISTRICT COURT**

8        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10  MARIO CORTEZ, MARIA CISNEROS,          Case No.:
    ANTONIO TOSCANO, FRANCISCO JAVIER
    GONZALEZ, JESUS RODRIGUEZ, CECILIA     **NOTICE OF CONSENT TO JOIN AS**
11  GARCIA, JOSE LUIS RAYGOZA, and JOSE    **PARTY PLAINTIFF**
    GUZMAN, on behalf of themselves and all
12  others similarly situated,

13         Plaintiffs,

14  vs.

15
    VIEIRA CUSTOM CHOPPING, INC., a
16  California Corporation; V & S COMMODITY,
    INC., a California Corporation, CHRISTINA
17  VIEIRA; and MATTHEW SEPEDA,

18         Defendants.

19

20

21         1.      I hereby consent to be a party to litigation under section 16(b) of the Fair Labor

22  Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated

23  damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers,

24  Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda

25  ("Defendants") failed to properly compensate me and their other employees.

26         *Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo*

27  *16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

28

                      NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF
                                           1

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación. Entiendo que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente ni a sus otros empleados.*

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

*También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable.  Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

3.      I hereby designate The Law Offices of John E. Hill to represent me in this action.

*Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha:  _11-28-17_          _Jesus Rodriguez_
                                  Signature/Firma

_Jesus Rodriguez_
Jesus Rodriguez

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile:  (510) 633-2504

*Attorneys for Plaintiffs & Putative Class*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation, CHRISTINA VIEIRA; and MATTHEW SEPEDA,<br><br>        Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1.     I hereby consent to be a party to litigation under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Defendants") failed to properly compensate me and their other employees.

        *Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo 16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

1     *horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación. Entiendo*

2     *que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity,*

3     *Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente*

4     *ni a sus otros empleados.*

5        2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it

6     is favorable or unfavorable. I further agree to be bound by any collective action settlement herein

7     approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

8        *También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de*

9     *esta acción por parte del Tribunal, ya sea favorable o desfavorable. Estoy de acuerdo en*

10    *obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento*

11    *aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

12       3.     I hereby designate The Law Offices of John E. Hill to represent me in this action.

13       *Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en*

14    *esta acción.*

15

16    Date/Fecha:   12-01-2017      *Cecilia Garcia*

17                                 Signature/Firma

18

19                                 *Cecilia Garcia*

                                Cecilia Garcia

20

21

22

23

24

25

26

27

28

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile:  (510) 633-2504

*Attorneys for Plaintiffs & Putative Class*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation, CHRISTINA VIEIRA; and MATTHEW SEPEDA,<br><br>          Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1.      I hereby consent to be a party to litigation under section 16(b) of the Fair Labor

Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated

damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers,

Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda

("Defendants") failed to properly compensate me and their other employees.

          *Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo*

*16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación. Entiendo que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente ni a sus otros empleados.*

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

*También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable. Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

3.      I hereby designate The Law Offices of John E. Hill to represent me in this action.

*Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha: 11-24-2017      Jose Luis Raygoza
                            Signature/Firma


                            Jose Luis Raygoza
                            Jose Luis Raygoza

---

NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF

2

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile:  (510) 633-2504

*Attorneys for Plaintiffs & Putative Class*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation, CHRISTINA VIEIRA; and MATTHEW SEPEDA,<br><br>        Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1.      I hereby consent to be a party to litigation under section 16(b) of the Fair Labor

Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated

damages, attorneys' fees, costs and other relief.  I understand this lawsuit alleges that my employers,

Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda

("Defendants") failed to properly compensate me and their other employees.

*Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo*

*16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

1   *horas extras, daños y perjuicios, honorarios de abogados, gastos y otra compensación.  Entiendo*

2   *que esta demanda alega que mis empleadores, Vieira Custom Chopping, Inc., V & S Commodity,*

3   *Inc., Christina Vieira, and Matthew Sepeda ("Demandados") no me compensaron adecuadamente*

4   *ni a sus otros empleados.*

5         2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it

6   is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein

7   approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

8         *También doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de*

9   *esta acción por parte del Tribunal, ya sea favorable o desfavorable.  Estoy de acuerdo en*

10  *obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento*

11  *aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

12        3.      I hereby designate The Law Offices of John E. Hill to represent me in this action.

13        *Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en*

14  *esta acción.*

15

16  Date/Fecha:   **11-24-17**

17                                        Signature/Firma

18

19                                        Jose Guzman

20

21

22

23

24

25

26

27

28