# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESES RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> VIEIRA CUSTOM CHOPPING, INC., a California Corporation; V & S COMMODITY, INC., a California Corporation; CHRISTINA VIEIRA; and MATTHEW SEPEDA, <br><br> Defendants. | No. 1:17-cv-01647-DAD-SKO <br><br> **ORDER GRANTING STIPULATION IN PART** <br><br> (Doc. 8-2) |

On March 1, 2018, the parties to this action, Plaintiffs MARIO CORTEZ, MARIA CISNEROS, ANTONIO TOSCANO, FRANCISCO JAVIER GONZALEZ, JESUS RODRIGUEZ, CECILIA GARCIA, JOSE LUIS RAYGOZA, and JOSE GUZMAN ("Plaintiffs") and Defendants Vieira Custom Chopping, Inc., V & S Commodity, Inc., Christina Vieira, and Matthew Sepeda ("Defendants"), filed a Stipulation Concerning Discovery, Stay of Action and Mediation (the "Stipulation"). The Stipulation indicates that the parties have scheduled a private mediation for May 30, 2018, and, to facilitate the mediation and to reduce

associated legal expenses, requests an order requiring (1) an agreed-upon method of Defendants producing documents and information to Plaintiffs' counsel; (2) a stay of all other litigation in this case, including but not limited to discovery, and (3) a continuance of the Scheduling Conference from March 8, 2018, to July 20, 2018. (Doc. 8-2.)

Based on the Stipulation, and GOOD CAUSE APPEARING, it is hereby ORDERED as follows:

1. The Scheduling Conference currently set for March 8, 2018, at 9:30 a.m., is CONTINUED to June 28, 2018, at 10:15 a.m.[1]

2. Pursuant to the Court's prior order (Doc. 9), the parties may appear telephonically for the Scheduling Conference on June 28, 2018, by coordinating one conference call to the Court at (559) 499-5790 at the appointed time.

3. The parties shall file an updated Joint Scheduling Report by no later than June 21, 2018.

4. If after the scheduled mediation the parties reach a settlement agreement or wish to continue settlement discussions and to continue the Scheduling Conference, the parties shall file either a notice of settlement or a status report updating the Court as to the status of the parties' settlement discussion by no later than June 14, 2018.

5. Subject to the terms and conditions of the Stipulation and this Order, Defendants agree to provide to Plaintiffs' counsel, on or before April 13, 2018, complete, legible, bates stamped copies of the following documents (with employee names

---

[1] The Court finds that the factors to be considered on a motion for a stay have not been met at this time. *See* V.*V.V. & Sons Edible Oils Limited v. Meenakshi Overseas LLC*, 2016 WL 1268008, at *3-4 (E.D. Cal. Mar. 31, 2016) ("In considering a Motion to Stay, this Court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."); see also *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979) (stating that a district court can, at its discretion, stay an action pending the conclusion of an alternative proceeding; "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"; and "[t]his rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court").

redacted, but including the last four digits of the employee's social security number on all of the records, including time cards, through pay period ending on March 18, 2018) and data, in electronic form wherever possible, and/or in hard copy when requested, the following documents for each Putative Class Member, as defined in Plaintiffs' First Amended Complaint.

    a. All payroll records for each Putative Class Member;

    b. All records of hours worked by each Putative Class Member; and

    c. All employee handbooks and policies, of any kind or description, and all draft versions thereof, in existence at any time within the past five (5) years.

6. Nothing in this Order is intended to create, expand, limit or waive any of the parties' rights, defenses or remedies at law or equity. The parties reserve all rights available to them under the law, including all statutes and constitutions.

IT IS SO ORDERED.

Dated: **March 5, 2018**              /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE